~~Jason M. Drangel (JD 7204)~~
~~jdrangel@ipcounselors.com~~
~~Ashly E. Sands (AS 7715)~~
~~asands@ipcounselors.com~~
~~Danielle S. Futterman (DY 4228)~~
~~dfutterman@ipcounselors.com~~
~~Gabriela N. Nastasi~~
~~gnastasi@ipcounselors.com~~
~~EPSTEIN DRANGEL LLP~~
~~60 East 42nd Street, Suite 1250~~
~~New York, NY 10165~~
~~Telephone: (212) 292-5390~~
~~Facsimile: (212) 292-5391~~
~~*Attorneys for Plaintiff*~~
~~*Mattel, Inc.*~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>CHONGQING SENJIANAN E-COMMERCE CO., LTD., DONGGUAN CHENSHENG PRINTING CO., LTD., DONGGUAN SONGLI PLASTICS INDUSTRY CO., LTD., GUANGZHOU MAZAIFEI PRINTING PRODUCTS CO., LTD., GUANGZHOU XINGMANYIN CULTURAL LNNOVATION CO., LTD., HANGZHOU AT SPORTS PRODUCTS CO., LTD., HANGZHOU FUYANG WANQUAN PACKING & PRINTING FACTORY, HANGZHOU LET'S PARTY CO., LTD., HEBEI TUANYUE IMP & EXP CO., LTD., HEILONGJIANG YOUSI TRADE CO., LTD., LUCTA STORE, MATTELS TOY WORLD STORE, NANNING YOUKESHU ELECTRONIC COMMERCE CO., LTD., NINGBO HAISHU DEYIN HANDICRAFT CO., LTD., PIKACHU CARD TOYS STORE, SHANTOU ENJOY STAR PLASTIC CO., LTD., SHENZHEN BEST4U TECHNOLOGY CO., LTD., SHENZHEN KAIXINGMEI LEATHER GIFT CO., LTD., SHENZHEN LIANGCHEN TECHNOLOGY CO., LTD., SHIJIAZHUANG AOFEITE IMP & EXP CO., | **CIVIL CASE No.**<br>**22-cv-2391 (JHR)**<br><br>~~**[PROPOSED]**~~<br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

LTD., SHIJIAZHUANG XING AN IMPRT & EXPORT CO., LTD., SHOP1100051186 STORE, SHOP4040039 STORE, SHOP911060160 STORE, SO SO BEAUTIFUL TOY STORE, YANGZHOU GIMEZ PRINTING CO., LTD., YIWU ASQI PACKAGING CO., LTD., YIWU DAZHUANG POKER CO., LTD, YIWU DESK E-COMMERCE FIRM, YIWU JIESHI PACKING PRODUCTS CO., LTD. and ZHEJIANG ZEBULUN INTELLIGENT TECHNOLOGY CO., LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | Chongqing Senjianan E-Commerce Co., Ltd., Dongguan Chensheng Printing Co., Ltd., Dongguan Songli Plastics Industry Co., Ltd., Guangzhou Mazaifei Printing Products Co., Ltd., Guangzhou Xingmanyin Cultural Lnnovation Co., Ltd., Hangzhou AT Sports Products Co., Ltd., Hangzhou Fuyang Wanquan Packing & Printing Factory, Hangzhou Let's Party Co., Ltd., Hebei Tuanyue Imp & Exp Co., Ltd., Heilongjiang Yousi Trade Co., Ltd., Lucta Store, Mattels Toy World Store, Nanning Youkeshu Electronic Commerce Co., Ltd., Ningbo Haishu Deyin Handicraft Co., Ltd., Pikachu Card Toys Store, Shantou Enjoy Star Plastic Co., Ltd., Shenzhen Best4U Technology Co., Ltd., Shenzhen Kaixingmei Leather Gift Co., Ltd., Shenzhen Liangchen Technology Co., Ltd., Shijiazhuang Aofeite Imp & Exp Co., Ltd., Shijiazhuang Xing An Imprt & Export Co., Ltd., Shop1100051186 Store, Shop4040039 Store, Shop911060160 Store, So So Beautiful Toy Store, Yangzhou Gimez Printing Co., Ltd., Yiwu Asqi Packaging Co., Ltd., Yiwu Dazhuang Poker Co., Ltd, Yiwu Desk E-Commerce Firm, Yiwu Jieshi Packing Products Co., Ltd. and Zhejiang Zebulun Intelligent Technology Co., Ltd. | N/A |
| **Defaulting Defendants** | Chongqing Senjianan E-Commerce Co., Ltd., Dongguan Chensheng Printing Co., Ltd., Dongguan Songli Plastics Industry Co., Ltd., Guangzhou Mazaifei Printing Products Co., Ltd., Guangzhou Xingmanyin Cultural Lnnovation Co., Ltd., Hangzhou AT Sports Products Co., Ltd., Hangzhou Fuyang Wanquan Packing & Printing Factory, Hangzhou Let's Party Co., Ltd., Hebei Tuanyue Imp & Exp Co., Ltd., Nanning Youkeshu Electronic Commerce Co., Ltd., Ningbo Haishu Deyin Handicraft Co., Ltd., Pikachu Card Toys Store, Shantou Enjoy Star Plastic Co., Ltd., Shenzhen Kaixingmei Leather Gift Co., Ltd., Shenzhen Liangchen Technology Co., Ltd., Yangzhou Gimez Printing Co., Ltd., Yiwu Asqi Packaging Co., Ltd., Yiwu Dazhuang Poker Co., Ltd, Yiwu Desk E-Commerce Firm, Yiwu Jieshi Packing Products Co., Ltd. and Zhejiang Zebulun Intelligent Technology Co., Ltd. | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, | N/A |

|  | distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |  |
|---|---|---|
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on March 22, 2022 | Dkt. 8 |
| **Complaint** | Plaintiff's Complaint filed on March 24, 2022 | Dkt. 9 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 24, 2022 | Dkts. 15-16 |
| **Deana Dec.** | Declaration of Anye Deana in Support of Plaintiff's Application | N/A |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiff's Application | Dkt. 16 |
| **UNO Products** | Card games sold under the UNO brand, including the classic UNO game, UNO Attach, UNO Wild Jackpot, UNO MOD and more, including themed card decks | N/A |
| **UNO Marks** | U.S. Trademark Registration Nos.: 1,005,397 for "UNO" for goods in Class 28; 5,125,593 for "UNO" for goods in Class 9; and 5,618,477 for "DOS" for goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the UNO Marks, and/or products in packaging and/or containing labels bearing the UNO Marks, and/or bearing or used in connection with marks that are confusingly similar to the UNO Marks and/or products that are identical or confusingly similar to the UNO Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, | N/A |

| | employees, agents, servants and all persons in active concert or participation with any of them | |
|---|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' User Accounts or Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on November 29, 2023 | ~~TBD~~ ECF No. 35 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | ~~TBD~~ ECF No. 36 |

iii

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's UNO Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third ~~Cause of Action is~~ and Fourth Causes of Action are dismissed without prejudice;

## II. Damages Awards

1) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.000) in statutory damages against the following twenty-one (21) Defaulting~~

1

~~Defendants: Chongqing Senjianan E-Commerce Co., Ltd., Dongguan Chensheng Printing Co., Ltd., Dongguan Songli Plastics Industry Co., Ltd., Guangzhou Mazaifei Printing Products Co., Ltd., Guangzhou Xingmanyin Cultural Lnnovation Co., Ltd., Hangzhou AT Sports Products Co., Ltd., Hangzhou Fuyang Wanquan Packing & Printing Factory, Hangzhou Let's Party Co., Ltd., Hebei Tuanyue Imp & Exp Co., Ltd., Nanning Youkeshu Electronic Commerce Co., Ltd., Ningbo Haishu Deyin Handicraft Co., Ltd., Pikachu Card Toys Store, Shantou Enjoy Star Plastic Co., Ltd., Shenzhen Kaixingmei Leather Gift Co., Ltd., Shenzhen Liangchen Technology Co., Ltd., Yangzhou Gimez Printing Co., Ltd., Yiwu Asqi Packaging Co., Ltd., Yiwu Dazhuang Poker Co., Ltd, Yiwu Desk E-Commerce Firm, Yiwu Jieshi Packing Products Co., Ltd. and Zhejiang Zebulun Intelligent Technology Co., Ltd. pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.~~ Damages will be determined at an inquest by the designated Magistrate Judge. A referral will issue by separate Order.

### III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs E and F below, which shall apply worldwide):

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the UNO Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the UNO Marks;

   B. directly or indirectly infringing in any manner Plaintiff's UNO Marks;

2

    C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's UNO Marks to identify any goods or services not authorized by Plaintiff;

    D. using Plaintiff's UNO Marks and/or any other marks that are confusingly similar to the UNO Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to ~~their User Accounts, Merchant Storefronts or Defendants' Assets and~~ the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's UNO Marks or bear any marks that are confusingly similar to the UNO Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. ~~secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts; and~~

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) ~~III(3)(A)~~ above.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers who are in active concert and participation with the Defaulting Defendants, and who are identified in and receive actual notice of this Order, are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and ~~III(3)(A) through~~ III(3)(B) and III(4)(A) above.

## IV.    Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

4

### V.  Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this  20th  day of   August  , ~~2023~~ 2024, at  4:12   p.m.

The Clerk of Court is directed to terminate ECF No. 35.

_____
HON. JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE

5