UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTEL INC.,

                              Plaintiff,

              -v.-

CHONGQING SENJIANAN E-COMMERCE
CO., LTD, et al.,

                              Defendants.

22 Civ. 2391 (JHR) (VF)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Mattel Inc. brings this action against Defendants for trademark counterfeiting,

trademark infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et*

*seq.*, and unfair competition under New York common law, arising from alleged infringement of

Plaintiff's UNO Marks and Products.  ECF No. 9 (Compl.).  Before the Court is the Report and

Recommendation of Magistrate Judge Valerie Figueredo recommending that the Court enter

judgment for Plaintiff in the amount of $1,050,000 in statutory damages under the Lanham

Act—i.e., $50,000 against each of the 21 Defaulting Defendants—and post-judgment interest in

an amount to be determined according to the statutory formula set forth in 28 U.S.C. § 1961.

ECF No. 52.  The Court has examined the Report and Recommendation and notes that no

objections have been filed.  For the reasons set forth below, the Court finds no clear error in the

Report and Recommendation and adopts Judge Figueredo's recommendation.

## BACKGROUND[1]

On March 24, 2022, Plaintiff brought this action against thirty-one Defendants, all of

which are "merchants on the Alibaba and/or AliExpress online marketplace platforms."  Compl.

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is
assumed.  *See* ECF No. 52.

¶ 6.  That same day, Plaintiff moved *ex parte* for a temporary restraining order ("TRO").  ECF Nos. 14-16.  The Honorable Jed S. Rakoff, to whom this case was originally assigned, granted the motion for a TRO.  ECF No. 7 (TRO).  Judge Rakoff set a hearing for April 4, 2022, directing Defendants to show cause why "a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue."  TRO at 10.  The TRO authorized service on the Defendants by electronic means.  *Id.* at 11.  Upon Plaintiff's request, on March 28, 2022, Judge Rakoff rescheduled the order to show cause hearing to April 18, 2022, "to allow [P]laintiff time to effectuate service on defendants."  ECF No. 4.  On April 13, 2022, Plaintiff served Defendants with "the Summons, Complaint, TRO, all papers filed in support of the [TRO], and the March 28, 2022 Order."  ECF No. 17.  On April 18, 2022, Judge Rakoff held a hearing at which Defendants did not appear, and Judge Rakoff granted Plaintiff's requested preliminary injunction (the "PI").  ECF No. 5 (PI).  The PI also authorized alternative service.  *Id.*  On April 21, 2022, "pursuant to the methods of alternative service authorized by the TRO and PI [ ], Plaintiff served a copy of the PI [ ] on each and every Defendant."  ECF No. 18.

Thereafter, Plaintiff voluntarily dismissed ten Defendants.  ECF Nos. 20-25, 30, 31. Plaintiff then proceeded against the remaining Defendants, Chongqing Senjianan E-Commerce Co., Ltd., Dongguan Chensheng Printing Co., Ltd., Dongguan Songli Plastics Industry Co., Ltd., Guangzhou Mazaifei Printing Products Co., Ltd., Guangzhou Xingmanyin Cultural Lnnovation Co., Ltd., Hangzhou AT Sports Products Co., Ltd., Hangzhou Fuyang Wanquan Packing & Printing Factory, Hangzhou Let's Party Co., Ltd., Hebei Tuanyue Imp & Exp Co., Ltd., Nanning Youkeshu Electronic Commerce Co., Ltd., Ningbo Haishu Deyin Handicraft Co., Ltd., Pikachu Card Toys Store, Shantou Enjoy Star Plastic Co., Ltd., Shenzhen Kaixingmei Leather Gift Co., Ltd., Shenzhen Liangchen Technology Co., Ltd., Yangzhou Gimez Printing Co., Ltd., Yiwu Asqi Packaging Co., Ltd., Yiwu Dazhuang Poker Co., Ltd, Yiwu Desk E-Commerce Firm, Yiwu

Jieshi Packing Products Co., Ltd. and Zhejiang Zebulun Intelligent Technology Co., Ltd. (collectively, the "Defaulting Defendants"). *See* ECF No. 35.

On November 8, 2023, the Court ordered a timetable for briefing a motion for a default judgment and scheduled a show cause hearing. ECF No. 28. On November 9, 2023, Plaintiff filed proof of service of that Order on the Defaulting Defendants by the alternative means authorized in the PI and the TRO. ECF No. 29. Clerk's Certificates of Default were entered on November 29, 2023. ECF No. 34. Plaintiff then moved for a default judgment, supported by a memorandum of law and an affidavit, as well as a proposed default judgment, certificates of service, and other exhibits, ECF Nos. 35-38, and served the Defaulting Defendants with the same, ECF No. 39. The Court held a show cause hearing on Plaintiff's motion for a default judgment on August 20, 2024. *See* ECF No. 47. The Defaulting Defendants did not appear. *See id*. On August 20, 2024, the Court entered a Final Default Judgment and Permanent Injunction Order against the Defaulting Defendants. ECF No. 43. The Court then referred the case to Judge Figueredo for an inquest. ECF No. 44.

On March 27, 2025, Judge Figueredo issued a 21-page Report and Recommendation recommending that Plaintiff "be awarded $1,050,000 in statutory damages under the Lanham Act, or $50,000 against each of the 21 Defaulting Defendants," as well as post-judgment interest in accordance with 28 U.S.C. § 1961(a). ECF No. 52 at 21. The Report and Recommendation notified the parties that they had "fourteen days (including weekends and holidays) from service of this report and recommendation to file any objections." *Id.* The Report and Recommendation also cautioned that, "**[i]f a party fail[ed] to file timely objections, that party w[ould] not be permitted to raise any objections to the Report and Recommendation on appeal.**" *Id*. No objections have been filed, nor has any extension of time to file objections been requested.

3

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would prevent a party from "rais[ing] any objection . . . on appeal," ECF No. 52 at 21, the Defaulting Defendants did not file any objections to the Report and Recommendation. Thus, the Defaulting Defendants waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by

4

objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at \*1.

Accordingly, the Report and Recommendation is adopted in its entirety.  Plaintiff is awarded judgments in the amount of $50,000 against each of the 21 Defaulting Defendants, plus post-judgment interest pursuant to 28 U.S.C. §1961(a).  By **January 21, 2026**, Plaintiff shall serve this Order upon each Defaulting Defendant and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated:  January 14, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge

5